UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                              Chapter 7
Santresa Ammons,                                       Case No. 15-23361-svk
       Debtor.

Landmark Credit Union,
       Plaintiff,
v.                                                                 Adversary Case No. 15-2163

Santresa Ammons,
       Defendant.

## DECISION AND ORDER DISMISSING COMPLAINT

Landmark Credit Union ("Landmark") filed this adversary proceeding against Santresa Ammons (the "Debtor") for allegedly committing fraud in the creation of a $5,582.96 debt to Landmark. The Debtor admitted depositing a check that was later dishonored but denied committing fraud. The Court held a trial on August 25, 2015 at which Paul Peterson testified for Landmark and the Debtor testified on her own behalf.

Landmark's evidence showed that the Debtor opened an account and deposited a check from Drafthouse Media, LLC for $5,859.82. After waiting four days for the funds to become available, the Debtor withdrew $5,450.00. The Debtor then made a few small purchases with the debit card tied to the account. Eight days later the check was returned because of insufficient funds. Landmark reversed the transaction and the Debtor's account became negative.

The Debtor testified that she was the victim of a lottery scam. She often entered the Publisher's Clearing House Sweepstakes online, and when she received a letter stating that she had won, she followed the instructions to claim her prize. According to the instructions in the

letter, the Debtor was required to deposit the $5,859.82 check and then send approximately $5,400 in cash via UPS to an attorney for legal fees. The Debtor followed the instructions and only later realized she was the victim of a scam. She presented evidence of the correspondence she received and a receipt for her UPS transaction. She offered to have her mother and sister testify to confirm that she had sent the bulk of the money in cash to the alleged attorney for the sweepstakes.

In order to except a debt from discharge due to a debtor's fraud under Bankruptcy Code § 523(a)(2)(A), a plaintiff must prove that (1) the debtor obtained property through representations which the debtor either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentation; (2) the debtor possessed an intent to deceive; and (3) the creditor actually and reasonably relied upon the false representations. *In re Trevisan*, 300 B.R. 708 (Bankr. E.D. Wis. 2003) (citing *In re Levitsky*, 137 B.R. 288, 290 (Bankr. E.D. Wis. 1992)).

Landmark has failed to prove that the Debtor made a false representation or that the Debtor possessed an intent to deceive. A check is not a representation of any kind. *Id.* (citing *Williams v. U.S.,* 458 U.S. 279, 285-86 (1982)). Landmark did not present any evidence that the Debtor did anything more than cash a check. Further, the Debtor testified credibly that she believed she had won the Publisher's Clearing House sweepstakes. While naïve, her belief was not unreasonable given her experience with the contest, the official looking correspondence that she received in the mail and the telephone conversations she had with the scammers.

This case is similar to *In re Kucera*, 373 B.R. 878, 881-83 (Bankr. C.D. Ill. 2007), where a debtor became indebted to a bank after falling for a lottery scam and depositing a check that turned out to be counterfeit. The court in *Kucera* found that the plaintiff-bank failed to prove

2

that the debtor made false representations or that the debtor acted with the requisite fraudulent intent. *Id.* at 883-84.

The Court makes the same findings here. The evidence shows that the Debtor did not make any misrepresentations to Landmark about the check, and that she did not intend to deceive Landmark when she opened the account and deposited the check. Accordingly, Landmark's claim under 11 U.S.C. § 523 fails.

IT IS THEREFORE ORDERED: the relief requested in the Complaint is denied, and the Complaint is dismissed.

Dated: August 26, 2015

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge